IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RUTH MOORE and TELLY ENCARNACION, As Executor of The Estate of ROBERT MOORE, § § § § | | |
| Plaintiffs, § § | | |
| v. § § | CIVIL ACTION NO. H-12-1539 | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE CO. and GREG GALLAGHER, § § § | | |
| Defendants. § | | |

**MEMORANDUM OPINION AND ORDER**

Defendant State Farm Mutual Automobile Insurance Co. ("State Farm") removed this action from the 215th Judicial District Court of Harris County, Texas, where it was filed under Cause No. 2012-23109. Pending before the court is Plaintiffs Ruth Moore and Telly Encarnacion, as Executor of the Estate of Robert Moore's Motion to Remand and Brief in Support ("Motion to Remand") (Docket Entry No. 5). At issue is whether Greg Gallagher, the adjuster who handled Ruth Moore and the Estate of Robert Moore's ("Ruth Moore and the Estate") claim on behalf of State Farm, is improperly joined as a defendant in this action. Because the court concludes that Gallagher is improperly joined, federal diversity jurisdiction exists, and the Motion to Remand of Ruth Moore and Telly Encarnacion, as Executor of the Estate of Robert Moore ("the Moores") will be denied.

## I. Factual and Procedural Background

### A. Underlying Facts and Allegations

On September 17, 2009, Robert and Ruth Moore were involved in a single-vehicle accident that caused a fatal injury to Robert Moore and injuries to several others.[1] At the time of the accident, Robert and Ruth Moore were insured by State Farm. Three individuals then sued the Moores for negligence based on injuries suffered in the September 17, 2009, accident.[2] State Farm alleges, and the Moores do not contest, that State Farm retained counsel to defend them in that lawsuit.[3] The Moores retained separate counsel, however, to prosecute cross-claims.[4] The Moores allege that the prosecution of the cross-claims necessarily included a defense against the original negligence claims.[5]

The Moores allege that State Farm has not reimbursed them for the fees and expenses incurred in prosecuting the cross-claims.[6] The Moores assert six causes of action in Plaintiffs' Petition.

---

[1] Plaintiffs' Original Petition ("Plaintiffs' Petition"), Exhibit E to Defendant State Farm Mutual Automobile Insurance Co.'s Notice of Removal ("Notice of Removal"), Docket Entry No. 1-5, ¶ 14.

[2] Plaintiffs' Petition, Docket Entry No. 1-5, ¶ 14; Notice of Removal, Docket Entry No. 1, ¶¶ 5-6.

[3] Notice of Removal, Docket Entry No. 1, ¶ 6. In neither the Plaintiffs' Petition nor the Motion to Remand do the Moores mention State Farm's retention of counsel on behalf of the Moores.

[4] Plaintiffs' Petition, Docket Entry No. 1-5, ¶ 15.

[5] Id.

[6] Id.

Counts I, II, III, and V do not include allegations against Gallagher, but only against State Farm.[7] Count IV includes references to the "Defendants,"[8] a term which by the petition's own definition includes both State Farm and Gallagher.[9] Count VI explicitly includes both State Farm and Gallagher.[10]

**B.   Removal and Pending Motion to Remand**

State Farm timely removed this action to federal court under 28 U.S.C. § 1441, contending that this court has subject matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.[11] There is no dispute as to the satisfaction of the jurisdictional minimum or as to the citizenship of any party to the case. Plaintiff Ruth Moore is a citizen of Texas.[12] Plaintiff Telly Encarnacion, who is appearing as the Executor of the Estate of Robert Moore, is deemed to be a citizen of Maryland under 28 U.S.C. § 1332(c)(2).[13] Defendant State Farm is a citizen of

---

[7]Id. ¶¶ 24-37, 41-43.

[8]Id. ¶¶ 38-40.

[9]Id. at 1.

[10]Id. ¶ 44.

[11]Notice of Removal, Docket Entry No. 1, ¶ 8.

[12]Id. ¶ 9.

[13]Id. ¶ 12. Title 28 U.S.C. § 1332(c)(2) provides that "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent."

Illinois under 28 U.S.C. § 1332(c)(1) because it is incorporated under the laws of Illinois and maintains its principal place of business in Illinois.[14] Plaintiff Ruth Moore and defendant Greg Gallagher are citizens of Texas.[15] State Farm contends that complete diversity exists, however, because Gallagher is improperly joined.[16]

The Moores then filed a Motion to Remand, asserting that Gallagher is a proper defendant and that federal diversity jurisdiction therefore does not exist.[17] State Farm responded that Gallagher is improperly joined.[18]

## II. Applicable Law

### A. Removal Jurisdiction

Under 28 U.S.C. § 1441(a)[19] any state court civil action over which a federal court would have original jurisdiction may be

---

[14]Title 28 U.S.C. § 1332(c)(1) provides that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."

[15]Notice of Removal, Docket Entry No. 1, ¶ 12.

[16]Id. ¶ 12.

[17]Motion to Remand, Docket Entry No. 5, ¶ 8.

[18]Defendant State Farm Mutual Automobile Insurance Co.'s Response and Brief in Opposition to Plaintiffs' Motion to Remand, Docket Entry No. 6, ¶ 3.

[19]Title 28 U.S.C. § 1441(a) provides: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place were such action is pending."

removed from state to federal court. See Gasch v. Hartford Acc. & Indem. Co., 491 F.3d 278, 281 (5th Cir. 2007). Federal courts have original jurisdiction over civil actions where the parties are diverse and the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity, that is, "a district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as one of the defendants." Whalen v. Carter, 954 F.2d 1087, 1094 (5th Cir. 1992).

Removal jurisdiction depends on the plaintiff's state court pleadings at the time of removal. Pullman Co. v. Jenkins, 59 S. Ct. 347, 349 (1939); Cavallini v. State Farm Mutual Auto Ins., 44 F.3d 256, 264 (5th Cir. 1995). The removing party bears the burden of showing that subject matter jurisdiction exists and that the removal procedure was properly followed. Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). Ambiguities or doubts are to be construed against removal and in favor of remand. Id.

### B. Improper Joinder

The doctrine of improper joinder[20] ensures that the presence

---

[20]The parties have used both "improper joinder" and "fraudulent joinder" to describe the same concept. See Notice of Removal, Docket Entry No. 1, ¶ 12 ("improper joinder"); Motion to Remand, Docket Entry No. 5, ¶¶ 24-26 ("fraudulent joinder" and "improper (continued...)

of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity. Borden v. Allstate, 589 F.3d 168, 171 (5th Cir. 2009). The court may ignore an improperly joined non-diverse defendant in determining subject matter jurisdiction. Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 572 (5th Cir. 2004) (en banc), cert. denied, 125 S. Ct. 1825 (2005).

A removing party attempting to prove improper joinder carries a heavy burden. Great Plains Trust Co. v. Morgan Stanley Dean Witter, 313 F.3d 305, 312 (5th Cir. 2002). To establish that a non-diverse defendant has been improperly joined in order to defeat diversity jurisdiction the removing party must prove either (1) actual fraud in the pleading of jurisdictional facts or (2) an inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court. Gasch, 491 F.3d at 281 (citing Smallwood, 385 F.3d at 573). Since the parties do not dispute that Gallagher is a Texas resident only, the second method is at issue in this case.

Under this second type of improper joinder the court must determine "whether the defendant has demonstrated that there is no

---

[20](...continued)
joinder"). The Fifth Circuit has not definitively endorsed one term or the other, but has expressed a preference for the term "improper joinder," finding it "more consistent with the statutory language than the term 'fraudulent joinder.'" Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 571 n.1 (5th Cir. 2004). The court agrees with the Smallwood court and therefore uses the term "improper joinder."

possibility of recovery by the plaintiff against an in-state [or non-diverse] defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state [or non-diverse] defendant." Smallwood, 385 F.3d at 573. Under this test a non-diverse defendant is improperly joined unless there is "arguably a reasonable basis for predicting that state law might impose liability." Great Plains Trust, 313 F.3d at 312 (internal quotation omitted). A reasonable basis requires more than merely a theoretical basis. Ross v. Citifinancial, Inc., 344 F.3d 458, 461-62 (5th Cir. 2003). The existence of a single valid cause of action against a non-diverse defendant requires remand of the entire case to state court. Gray v. Beverly Enterprises-Mississippi, Inc., 390 F.3d 400, 412 (5th Cir. 2004).

The standard for evaluating whether a reasonable basis for a claim exists for purposes of improper joinder is similar to that used in evaluating a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Campbell v. Stone, Inc., 509 F.3d 665, 669 (5th Cir. 2007). "[W]hether the plaintiff has stated a valid cause of action depends upon and is tied to the factual fit between the plaintiff['s] allegations and the pleaded theory of recovery." Griggs v. State Farm Lloyds, 181 F.3d 694, 701 (5th Cir. 1999). In deciding whether a party was improperly joined all unchallenged factual allegations, including those alleged in the petition, are taken into account in the light most favorable to the

plaintiff, Smallwood, 385 F.3d at 575, and all contested factual issues and ambiguities of state law are resolved in favor of the plaintiff. Gasch, 491 F.3d at 281.

### III. Analysis

Because the burden is on the removing party to establish that a state court suit is properly removable, see Gasch, 491 F.3d at 281, to avoid remand State Farm must show that there is no reasonable basis for the court to predict that the Moores may recover against Gallagher. See Smallwood, 385 F.3d at 573. State Farm contends that the Plaintiffs' Petition lacks a viable claim against Gallagher because it "completely fails to distinguish Gallagher's actions from those of State Farm's."[21] The court will address each of the claims in which Gallagher is implicated in the Moores' state court petition to determine whether a reasonable basis exists.

A.  **The Negligence Claim**

The Moores explicitly allege that Gallagher (and State Farm) owed the Moores a "duty to properly process and administer claims under the policy" and "negligently failed to fulfill that duty."[22] But Texas law does not recognize a cause of action against adjusters for negligent claims handling. Higginbotham v. State

---

[21]Notice of Removal, Docket Entry No. 1, ¶ 19.

[22]Plaintiffs' Petition, Docket Entry No. 1-5, ¶ 44.

Farm Mut. Auto. Ins. Co., 103 F.3d 456, 460 (5th Cir. 1997) ("In essence, Texas law does not recognize a cause of action for negligent claims handling."); Dagley v. Haag Engineering Co., 18 S.W.3d 787, 790-91 (Tex. App.—Houston [14th Dist.] 2000, writ denied) (holding that as to a negligence action insurer's agent owed no duty to insured in investigating claims or providing evaluation materials). Because a negligence claim against Gallagher does not exist under Texas law, there is no reasonable basis for recovery against Gallagher on such a claim.

**B.     The DTPA Claim**

Texas law does, however, recognize suits against insurance adjusters in their individual capacities under the Insurance Code and the DTPA. Liberty Mut. Ins. Co. v. Garrison Contractors, Inc., 966 S.W.2d 482, 486 (Tex. 1998); Gasch 491 F.3d at 282. Both the Insurance Code and the DTPA apply to "any person" who commits one of the statutes' prohibited acts or practices. See TEX. INS. CODE § 541.002-541.003; TEX. BUS. & COM. CODE § 17.50. Adjusters like Gallagher are considered "persons" under these statutes and may be personally liable for violating the statutes. See, e.g., TEX. INS. CODE § 541.002 ("'Person' means [inter alia] an . . . adjuster"); Blanchard v. State Farm Lloyds, 206 F. Supp. 2d 840, 845 (S.D. Tex. 2001). Furthermore, the DTPA provides that "the use or employment by any person of an act or practice in violation of Chapter 541, Insurance Code" is also a violation of the DTPA itself. TEX. BUS. &

COM. CODE § 17.50(a)(4). The Insurance Code also provides for a separate cause of action for any act or practice specifically enumerated in § 17.46(b) of the DTPA. TEX. INS. CODE § 541.151(2).

For the court to find a reasonable possibility that a Texas state court would allow recovery under the DTPA against Gallagher, the Moores must allege that Gallagher, as an individual, committed the violation that caused the harm. <u>Hornbuckle v. State Farm Lloyds</u>, 385 F.3d 538, 544 (5th Cir. 2004); <u>Provident Am. Ins. Co. v. Castaneda</u>, 988 S.W.2d 189, 192 (Tex. 1998) (holding that DTPA requires proof that defendant's conduct was the cause in fact of plaintiff's actual damages). Mere formulaic recitations of violations of the statutes that are not accompanied by specific allegations concerning the actions of the individual defendant are not sufficient to create a reasonable basis to predict that the plaintiff will be able to recover against the individual. <u>Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.</u>, 2009 WL 3602043, at *3, *2-4 (S.D. Tex. Oct. 27, 2009). The Moores have alleged the following potential violations of the DTPA:

> COUNT IV - TEXAS DECEPTIVE TRADE PRACTICES ACT AGAINST STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
>
> 38. Plaintiffs bring forth each and every cause of action alleged above under the Texas Deceptive Trade Practices Act pursuant to its tie-in provision.
>
> 39. At all material times hereto, Plaintiffs were consumers who purchased insurance products and services from Defendant.
>
> 40. Defendants have violated the Texas Deceptive Trade Practices Act in the following manners:

      (1) Representing that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

      (2) Failing to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

      (3) Engaging in an unconscionable course of conduct;

      (4) At all material times hereto, Plaintiffs were consumers of insurance services or products of Defendants, and Plaintiffs would show that Defendants' violations as set forth above, constitute a violation of the Texas Deceptive Trade Practices Act, causing Plaintiffs' damages.

      (5) By accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, Defendants have engaged in an unconscionable action or course of action as prohibited by the DTPA sec. 17.50(a)(1)(3) in that Defendants took advantage of Plaintiffs' lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chap. 541, Texas Insurance Code.[23]

The allegations in Count IV fail to allege what actions are attributable to Gallagher individually and are near verbatim recitations of the statute itself. Therefore, the claims in Count IV do not create a reasonable possibility of recovery. See Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co., 2009 WL 1437837, at

---

[23]Plaintiffs' Petition, Docket Entry No. 1-5, ¶¶ 38-40.

*3-4 (N.D. Tex. May 22, 2009) (finding allegations that listed Insurance Code provisions and asserted that "Both Defendants" violated such provisions were "legal conclusions couched as factual allegations," and stating that the plaintiff "has alleged no facts to show that [the adjuster] performed any act that could be construed as a violation of any of the aforementioned sections [of the Insurance Code]"); Frisby v. Lumbermens Mut. Cas. Co., 2007 WL 2300331, at *4 (S.D. Tex. Feb. 20, 2007) (holding that a petition alleging violations of the Insurance Code by both the insurer and the adjuster "[did] not sufficiently separate those actions attributable to [the insurance company] from those of [the adjuster]").

Moreover, in none of the other paragraphs of Plaintiffs' Petition do the Moores point to any specific actions taken by Gallagher as an individual. This case is thus distinguishable from other cases in which the court has granted motions to remand in similar contexts. See Sargent v. Safeco Ins. Co. of Ind., 2011 WL 819492, at *4 (S.D. Tex. March 2, 2011) ("[Plaintiff's] petition contains actionable allegations specifically directed at [the adjuster]."); Rankin Road, Inc. v. Underwriters at Lloyds of London, 2010 WL 4007619, at *5-6 (S.D. Tex. Oct. 12, 2010); Harris v. Allstate Tex. Lloyd's, 2010 WL 1790744, at *3-4 (S.D. Tex. Apr. 30, 2010). The Moores have failed to allege that Gallagher took any action individually that caused actual harm, as is required by the DTPA. State Farm has therefore shown that there is

no "factual fit" between the plaintiffs' allegations and the pleaded theory of recovery, see Griggs, 181 F.3d at 701, and that under a Rule 12(b)(6)-type analysis there can be no reasonable basis for recovery.

Paragraph 38 of Plaintiffs' Petition attempts to invoke through the DTPA the Insurance Code allegations alleged in Counts II and III, but nowhere is Gallagher mentioned in the allegations regarding the Insurance Code. Therefore, as for any DTPA-claim-based Insurance Code violations, no reasonable possibility of recovery against Gallagher could exist since the Moores have not alleged that Gallagher took any action individually to violate the Insurance Code.

Although the Moores' DTPA allegations cannot withstand a Rule 12(b)(6) analysis, the Moores urge the court to apply the more liberal requirements of Texas "fair notice" pleading.[24] Other federal district courts have applied the more lenient Texas pleading standard when considering improper joinder questions. E.g., Myers v. Allstate Texas Lloyd's, 2011 WL 846083, at *8 (E.D. Tex. Mar. 8, 2011); Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co., 2011 WL 240335, at *14 (S.D. Tex. Jan. 20, 2011); Edwea, Inc. v. Allstate Ins. Co., 2010 WL 5099607, *4-5 (S.D. Tex. Dec. 8, 2010). The court need not address whether the federal or state standard should apply because there is no reasonable basis

---

[24]Motion to Remand, Docket Entry No. 5, ¶ 27.

for recovery under either. See Griggs, 181 F.3d at 699 (petition that failed to state any specific actionable conduct on the part of the insurer's agent did not meet "even the liberalized requirements that permit notice pleading"). To create a reasonable basis for recovery, whether viewed through the lens of either the federal or Texas pleading standard, the petition must at the least allege specific conduct attributable to the adjuster himself. The court concludes that State Farm has met its burden to show that there is no reasonable basis for the court to predict that the Moores might recover from Gallagher under Texas law because Plaintiffs' Petition contains no actionable allegations specifically directed at Gallagher.

## IV. Order

For the reasons stated above, Plaintiffs Ruth Moore and Telly Encarnacion, as Executor of the Estate of Robert Moore's Motion to Remand (Docket Entry No. 5) is **DENIED**.

**SIGNED** at Houston, Texas, on this 6th day of September, 2012.

SIM LAKE
UNITED STATES DISTRICT JUDGE